AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED**
**U.S. District Court**
**District of Kansas**
03/12/2026
**Clerk, U.S. District Court**
**By:__MV__Deputy Clerk**

# UNITED STATES DISTRICT COURT
for the
## District of Kansas

In the Matter of the Search of:
*(Briefly describe the property to be searched or identify the person by name and address)*

Deoxyribonucleic acid (DNA) from the person of Elliot KYLES, through the use of oral buccal samples according to the standard practices and procedures employed by the Regional Forensic Science Center for DNA testing.

}
}
}
}
}
}

Case No. 6:26-mj-06066-BGS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Deoxyribonucleic acid (DNA) from the person of Elliot KYLES, through the use of oral buccal samples according to the standard practices and procedures employed by the Regional Forensic Science Center for DNA testing.

located in the **DISTRICT OF KANSAS**, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

✓ evidence of a crime;

✓ contraband, fruits of crime, or other items illegally possessed;

✓ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 922(g) | Possession of a firearm, by a prohibited person |
| 18 U.S.C. § 924(c) | Possession of a firearm, in furtherance of, or, in relation to, drug trafficking |

The application is based on these facts:          See Attached Affidavit

✓ Continued on the attached sheet.

☐ Delayed notice of_____days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

SA GAGE TEBERG. Drug Enforcement Administration
*Printed name and title*

Sworn to before me and signed ~~in my presence.~~ via Zoom hearing

Date: ___3/12/2026___

_____
*Judge's signature*

City and state: Wichita, Kansas

HONORABLE BROOKS G. SEVERSON, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Gage Teberg, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since April 2019. As a Special Agent, I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offences enumerated in Title 18, United States Code, Section 2516. Specifically, as a DEA Special Agent, I am charged with the duty of enforcing any and all Title 21 violations under the Controlled Substances Act. I attended the Drug Enforcement Administration academy located in Quantico, Virginia for approximately nineteen weeks. During my time at the academy, I received specialized training in Drug Identification, Undercover and Surveillance Practices, Confidential Source Management, Report Writing, as well as extensive legal training.

2.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**DESCRIPTION OF PROPERTY TO BE SEIZED**

3.      This affidavit is submitted in support of an application to obtain a search warrant authorizing the collection of deoxyribonucleic acid (DNA) samples from Elliott KYLES (DOB: 04/01/1978), by collecting oral buccal samples according to the standard practices and procedures employed by the Regional Forensic Science Center for DNA testing. As set forth

below, your Affiant believes, and there is probable cause to believe, that these DNA samples may constitute evidence of the criminal act of possession of a firearm, by a prohibited person, under 18 U.S.C § 922(g) and possession of a firearm, in furtherance of, or, in relation to, drug trafficking, under 18 U.S.C. § 924(c).

## PROBABLE CAUSE

### 2023 Drug and Gun Seizure

4.      On November 30, 2023, at approximately 2:30 PM, Wichita Police Department (WPD) SGT Bradley Elmore was contacted by phone by WPD Officer Amber Rosenboom. SGT Elmore is assigned as Officer Rosenboom's supervisor with Domestic Violence Intervention Reduction Team (DVIRT). Officer Rosenboom advised that she was continuing a follow up on a domestic violence case that was reported on November 24, 2023, under WPD cases 23C156644 and 23C156805 reported on November 24, 2023, along with WPD case 23C157349 reported on November 24, 2023. On these cases, Hannah Snyder reported that she was living with Elliott KYLES and he had a history of threatening her with a firearm and physically abusing her many times. Snyder was in a local shelter for domestic violence survivors at the time.

5.      On the same day, Officer Rosenboom said she was contacted by a Wichita shelter for domestic violence survivors due to KYLES continuing to make threats toward Snyder and her family.  Additionally, SGT Elmore was made aware that KYLES had a misdemeanor warrant for his arrest from the Domestic Violence (DV) threats he made to Snyder

2

under WPD 23C156805.  SGT Elmore advised Officer Rosenboom to contact KYLES by phone and advise him they had one of his vehicles in possession and would meet him at Quik Trip at 1010 E. Douglas to return KYLES' car to him. SGT Elmore told Officer Rosenboom to do this because SGT Elmore wanted us to be able to arrest KYLES for his warrant.

6.      SGT Elmore went to 1010 E. Douglas and observed KYLES in the parking lot under arrest by WPD officers. KYLES was transported to jail and booked in by Officer Rosenboom and Officer Hoofer for his warrant.  Officer Hoofer said KYLES called an unknown male and told him to "let his dogs out" at his house.  Prior to this arrest, SGT Elmore was aware that Snyder also provided information to WPD Det. Mark McKee regarding drug trafficking activities of KYLES.  SGT Elmore contacted Det. McKee and informed him of the situation with the vehicle and the arrest of KYLES.

7.      At approximately 4:00 PM, Det. McKee contacted SGT Elmore by phone. Det. McKee said he talked with Snyder, and she requested the assistance of WPD in going to her house at 4092 E. Dunham St. to retrieve her personal belongings.  This home is also shared with KYLES.  Det. McKee asked SGT Elmore to contact Snyder about this. This is a service the DIVRT team has provided in the past to survivors or victims so they can safely obtain their property.

8.      SGT Elmore contacted Snyder and Snyder said when she left her house on E. Dunham to go to a shelter, she left everything, to include her identification, social security card, money, clothing, and a computer. Snyder said since KYLES was in jail she thought it would be

3

a good time to go to the house and see if she could get these belongings back. Snyder said she still had a key to the house. SGT Elmore told Snyder WPD could go to the house with her, but they could not force anyone there to let us in or give Snyder belongings. WPD Officers could just be there to protect her from further abuse. SGT Elmore told Snyder he was concerned someone may be at the house, especially since KYLES called someone and told them to let his dogs out. Snyder said this maybe a felon that is usually armed that works with KYLES. SGT Elmore told Snyder if this person is at the house and does not answer the door or is uncooperative, they would have to leave because there are no laws SGT Elmore could enforce to make anyone give Snyder her personal belongings. Snyder said she understood this.

9.      Snyder met SGT Elmore, Officer Hoofer, and Officer Rosenboom at the Quik Trip at 31st S. and K-15 and they drove over to 4092 E. Dunham St. at approximately 4:30 PM. SGT Elmore reminded Snyder that WPD Officers were there so she could safely get her belongings and if there was no cooperation from anyone at the house they would have to leave. Snyder went up to the door with her key, but she knocked on the door. When she knocked, the door came open and SGT Elmore observed a female, identified as Arthenia Wells, sitting on the couch in the living room. Snyder walked into the house. SGT Elmore asked Wells if they could come in and she said she did not live there and was not comfortable with them coming inside. SGT Elmore knew this to be Snyder's residence and told Wells that Snyder was there to collect her belongings and then they would leave. SGT Elmore asked Wells if anyone else was in the house. Wells hesitated and then said no. This gave SGT Elmore concern that someone

4

was in the house. Due to the threats made by KYLES, and the possibility of the person called by KYLES to let his dogs out, SGT Elmore was concerned about someone else may be in the house that may want to harm Snyder. For this reason, SGT Elmore stepped inside the house to keep an eye on Snyder while she looked for her belongings. Snyder began the search of her belongings within the residence.

10.     Snyder went to the kitchen and looked in a cardboard box that was on top of a washing machine. She pulled out an oblong object wrapped in green plastic wrap. Snyder said it was meth. She reached back in the box and pulled out another oblong object wrapped in clear plastic and said it was also meth. Snyder also smelled this object. Snyder reached back in and pulled out a gallon size zip lock baggy with a white powdery substance inside. Snyder also showed me a small black digital scale that she removed from the box. She placed these items back in the box.

11.     SGT Elmore immediately recognized these objects to be consistent with the packaging and appearance of illicit drugs. Also, Snyder said these objects were methamphetamine. For these reasons SGT Elmore seized the box of drugs and placed them in the back of my vehicle. Snyder remained in the house with Officer Hoofer.

12.     SGT Elmore returned into the house and found Snyder still in the kitchen. Officer Hoofer was heard telling Snyder to stop going through stuff and that WPD was there to get her stuff back. At that time SGT Elmore observed Snyder holding a black rifle. SGT Elmore escorted Snyder out of the house and had her place the rifle in the back of his patrol vehicle.

5

13.    Following the search for Snyder's belongings, SGT Elmore gave his card to Wells and advised her to give it to others that stay at the house and advised them Wichita Police Department took their belongings. WPD Officers left and drove back to Quik Trip.

14.    After this SGT Elmore interviewed Snyder. Snyder told SGT Elmore she lived with KYLES at 4092 E. Dunham St. for about the last 3.5 to 4 months. Snyder provided SGT Elmore with the key to the house and said she no longer needed it. Snyder said she went to the house today to get her belongings. She looked in the box in the kitchen because she thought her Identification or other belongings were maybe in the box. Instead, Snyder found the methamphetamine. Snyder said there may also be cocaine and fentanyl in the box since she knew KYLES to deal those drugs too.

15.    Snyder said she knew KYLES to be a felon that is not allowed to possess firearms The last time Snyder saw KYLES with drugs was last Friday, November 24, 2023. According to Snyder, KYLES was in the house at the kitchen table weighing out some methamphetamine that he took from the aforementioned box seized by SGT Elmore. Snyder left the house shortly after that and went to a shelter. Snyder said the rifle that she found in the kitchen was behind the washing machine. Snyder knew that rifle to be registered to KYLES' ex-girlfriend, Keri Key. Snyder said KYLES uses this gun to answer the door and also had it when he threatened to shoot a man named "Hubby B" that owed KYLES $500.

16.    After interviewing Snyder, SGT Elmore drove directly to WPD's property and evidence bureau and submitted seized items.

17.    KYLES was released from jail that same night, November 30, 2023, at approximately 8:12 PM.

18.    Forensic Laboratory results for the seized narcotics were completed April 7, 2025, and confirmed that the substances tested positive for methamphetamine and cocaine. Additionally, Laboratory analysis confirmed that Kyle's fingerprints matched fingerprints that were located on some of the materials that contained the narcotics found at 4092 E. Dunham St. on November 30, 2023.

19.    On November 13, 2025, KYLES was arrested on another case. During a post-*Miranda* interview, he was asked briefly about the case (from November 30, 2023) memorialized above in this affidavit. Detective Chris Hehemann of the Sedgwick County Sherrif's Office asked KYLES about the four pounds of dope (methamphetamine) with his fingerprints that were found in his house. KYLES denied ownership of the drugs and said that the drugs belonged to a girl from Arizona that he was messing with and that she handed him the drugs that she had over at his house.

20.    Your affiant has been informed by the Regional Forensic Science Center that a DNA profile has been developed from the firearm. A sample of KYLES's DNA is needed for comparison to the DNA profile found on the firearm found at 4092 E. Dunham St. on November 30, 2023.

<u>Criminal History and Firearm Prohibition</u>

21.    Your Affiant conducted a criminal history query of KYLES and learned KYLES

7

is a previously convicted federal felon and is therefore prohibited from possessing firearms and/or ammunition. Specifically in 2009, KYLES was convicted of Conspiracy to Distribute 5 Grams of Cocaine Base and Possession of a Firearm in Relation to a Drug Trafficking Crime in the United States Western District Court of Missouri in case number 07-00311-01-CR-W-NKL. KYLES was committed to serve five (5) years incarceration and eight (8) years supervised release. This conviction resulted in KYLES being federally prohibited from possessing firearms and ammunition under 18 U.S.C. 922(g)(1).

22.    Investigators also learned that on November 29, 2016, a jury found KYLES guilty of aggravated battery and criminal possession of a firearm in Wyandotte County, Kansas. KYLES was subsequently sentenced to 68 months imprisonment in the Kansas Department of Corrections. This conviction also prohibits KYLES from possessing firearms and ammunition.

23.    Your affiant knows through other investigations and experience as a Law Enforcement Officer that individuals involved in the illegal trafficking and distribution of narcotics often carry firearms for protection and intimidation. Your affiant believes that is the case in this incident as well.

<u>Indictment and Current Location</u>

24.    On January 26, 2026, KYLES was indicted by a Grand Jury for one count possession of a firearm by a convicted felon, one count possession with intent to distribute methamphetamine, and one count possession of a firearm in furtherance of a drug trafficking crime in case number 26-cr-10006-JWB, District of Kansas. KYLES is currently in the custody

of the United States Marshal pending trial.

## CONCLUSION

25.    I submit that this affidavit supports probable cause for a search warrant authorizing the collection of DNA from Elliott KYLES (DOB: 04/01/1978). KYLES has court appointed counsel in case number 26-cr-10006-JWB. Your affiant will not question KYLES regarding his criminal case and will only talk to KYLES about the nature of this warrant and the process and procedure of obtaining his DNA. Your affiant will advise KYLES prior to the swab that your affiant is not there to talk to KYLES about his charged case.

Respectfully submitted,

GAGE TEBERG
Special Agent
Drug Enforcement Administration (DEA)

Subscribed and sworn to via Zoom before me this 12th day of March 2026.

HONORABLE BROOKS G. SEVERSON
United States Magistrate Judge
District of Kansas

9

**ATTACHMENT A**

(Place/Person to be Searched)

The Person, Elliott KYLES, a black male, approximately 5'08" in height, with brown eyes, and a

date of birth of, 04/01/1978, depicted as follows, who is currently located in Sedgwick County,

Kansas.



10

**ATTACHMENT B**

Evidence of violations of criminal possession of a firearm, Title 18 United States Code 922(g) and 18 U.S.C 924(c), specifically:

1.  Deoxyribonucleic acid (DNA) from the person of Elliot KYLES (DOB: 04/01/1978) through the use of oral buccal samples according to the standard practices and procedures employed by the Regional Forensic Science Center for DNA testing.

11